**Opinion issued December 13, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00999-CR

———————————

**JAMES RICHARD PARGA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1194981**

---

## MEMORANDUM OPINION

Appellant, James Richard Parga, pursuant to an agreement with the State, pleaded guilty to the offense of possession of a controlled substance, namely cocaine, weighing at least 4 grams but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.102, 481.115 (West 2010). In accordance

with appellant's agreement with the State, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for five years. The State subsequently moved for adjudication, alleging that appellant had violated the conditions of his community supervision by, inter alia, committing the offense of driving while intoxicated. At the hearing on the motion, appellant pleaded true to the allegation. The trial court found the allegation true, found appellant guilty of the underlying offense, and assessed punishment at confinement for three years. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and therefore the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We affirm the trial court's judgment and grant counsel's motion to withdraw.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id*. Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*. If, after an independent review of the record, we agree that the appeal is wholly frivolous, we will grant the attorney's

motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Here, counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See Schulman*, 252 S.W.3d at 410–11. Counsel discusses the evidence adduced, supplies us with references to the record, and provides us with citation to legal authorities. *See id.*; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 406–07; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The brief also reflects that counsel delivered a copy of the brief to appellant and advised him of his right to file a pro se response. *See Schulman*, 252 S.W.3d at 408. Appellant filed a pro se response, complaining that his sentence is unreasonable and that his counsel was ineffective because he failed to present to the trial court that appellant had fulfilled other conditions of his community supervision.

We have independently reviewed the entire record, and we conclude that no reversible error exists, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Schulman*, 252 S.W.3d at 407 n.12 (explaining that appeal is frivolous when it does not present any argument that could "conceivably persuade the court"); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment. Attorney J. Sidney Crowley must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court *See* TEX. R. APP. P. 6.5(c). All other pending motions are denied.

**PER CURIAM**

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).